IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KHALID J. HARRISON,<br><br>        Plaintiff,<br><br>  vs.<br><br>SANTA RITA / CORIZON HEALTH MEDICAL STAFF,<br><br>        Defendant. | No. C 12-5453 LHK (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND |

Plaintiff, currently incarcerated at the Santa Rita Jail and proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff's motion to proceed in forma pauperis is GRANTED in a separate order. For the reasons below, Plaintiff's complaint is DISMISSED with leave to amend.

**DISCUSSION**

A.    <u>Standard of Review</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §

1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

B.    <u>Legal Claims</u>

      Plaintiff alleges that unnamed medical staff at the Santa Rita County Jail left gauze in a wound on Plaintiff's body.  As a result, claims Plaintiff, he suffered on a daily basis.  Although Plaintiff was told that he would need surgery to remove the gauze, a few days after discovery of the gauze, the gauze fell out on its own.  It appears that Plaintiff is trying to state a claim of deliberate indifference to his serious medical needs.

      However, Plaintiff has not named any individual Defendant.  Plaintiff must link an individual Defendant to a claim by providing facts showing the basis for liability for each Defendant.  For example, Plaintiff should allege which Defendants were responsible for violating his constitutional rights, and how he or she was responsible for doing so.  Plaintiff should not refer to them as a group (e.g., "the Defendants" or "medical staff"); rather, he should identify each involved person by name, and link each of them to the claim(s) by explaining what each Defendant did or failed to do that caused a violation of his constitutional rights.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that a defendant proximately caused deprivation of federally protected right).  To the extent Plaintiff is attempting to sue the Santa Rita County Jail, he fails to allege that the Santa Rita County Jail violated his constitutional rights and subsequently caused him harm pursuant to some policy or custom, as is required to state a claim against local governments.  *See Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 681 (9th Cir. 1984).

      Moreover, Plaintiff is advised that "a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted).

Thus, Plaintiff's complaint is DISMISSED.  However, Plaintiff will be given an opportunity to amend his complaint to cure these deficiencies if he can do so in good faith.

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND.  Plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is filed to cure the deficiencies described above.  The amended complaint must include the caption and civil case number used in this order (C 12-5453 LHK (PR)) and the words AMENDED COMPLAINT on the first page.  Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file an amended complaint within thirty days and in accordance with this order will result in dismissal of this action.**

2. Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED: 1/10/13

LUCY H. KOH
United States District Judge